IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff/Respondent,

vs.                                                                        Nos. CIV 16-0404 JB/KK
                                                                                                      CR 03-569 JB

OMAR MOHAMMED,

    Defendant/Petitioner.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Omar Mohammed's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on May 9, 2016 (Doc. 1)("Motion"). Plaintiff Omar Mohammed also filed the Supplemental Brief Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed November 29, 2016 (Doc. 19)("Suppl. Brief"). Mohammed filed the Motion pro se; Mohammad's appointed counsel, Diego R. Esquibel filed the Suppl. Brief. Mohammed contends that his status as a "Career Offender" and sentence enhancement under U.S.S.G. § 4B1.1 are invalid in light of the Supreme Court's of the United States of America holding in Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons explained below, the Court concludes that Mohammed is not entitled to relief under Johnson v. United States, dismisses his Motion and Supplemental Brief, and enters judgment.

## FACTUAL BACKGROUND

The Criminal Complaint Affidavit alleged that, on February 27, 2003, at approximately 2:40 p.m., Mohammed entered a Bank of America branch wearing a dark colored ski mask, light pants, a dark jacket, tan boots, and carried a dark bag. See Presentence Investigation Report,

filed September 30, 2013 (Doc. 367), ¶ 12, at 3 ("PSR").  Mr. Mohammed, along with co-defendant, Curtis Dwayne Frazier, allegedly jumped on the teller counter, yelled at bank employees and customers "get down, get down," jumped behind the teller counter, and pulled in $29,816.00 in United States currency, cashier's checks and money orders.  See PSR ¶ 12, at 4.  Mr. Mohammed and Mr. Frazier then exited the bank and escaped in a small, two-door gold car that Gene Alan Summers, a third co-defendant drove.  See PSR ¶ 12, at 4.

Albuquerque Police Department ("APD") officers surveilled the apartment where Mohammed and Frazier fled, and conducted a traffic stop when Mohammed, Frazier, Summers, and a fourth co-defendant, later identified as Marvin Thomas, were seen leaving in a red SUV.  See PSR ¶¶ 13-14, at 4.  APD officers observed large quantities of cash in plain view.  See PSR ¶¶ 13-14, at 4.  When APD officers asked Mohammed during a pat down about a large lump in his pants, Mohammed replied, "What do you think it is? It's the money from the bank robbery."  See PSR ¶ 15, at 4.  APD officers subsequently searched the surveilled apartment and found clothing that matched the description of clothing that Mohammed wore during the bank robbery, as well as a large amount of United States currency in the form of coin rolls, money straps, and miscellaneous papers.  See PSR ¶16, at 4-5.  Officers recovered $28,196.40 of the $29,816.00 reported stolen.  See PSR ¶16, at 5.  Mohammed was arrested on February 28, 2003.

**PROCEDURAL BACKGROUND**

On March 26, 2003, Mohammed was indicted, along with Frazier, Thomas, and Summers, for bank robbery in violation of 18 U.S.C. § 2113 and conspiracy to commit bank robbery under 18 U.S.C. § 2.  See Indictment, filed March 26, 2003 (Cr. Doc. 33)("Indictment").  On November 21, 2003, Mohammed entered into a Plea Agreement (Cr. Doc. 106)("Plea Agreement") and pled guilty to Count 1 of a two count Indictment for Bank Robbery in violation

of 18 U.S.C. § 2113(a).  See Plea Agreement at 2.  Pursuant to the Plea Agreement, "[t]he United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case."  Plea Agreement at 3.

On January 9, 2004, the United States Probation Office ("USPO") disclosed its PSR.  The USPO concluded that Mohammed qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1, because he had two prior qualifying felony convictions on April 30, 1993, of aggravated battery and robbery.[1]  As a result, Mohammed's adjusted offense level under the United States Sentencing Guidelines was 32.  See PSR ¶ 39 at 8; U.S.S.G. § 4B1.1(b) (providing a table showing that a Career Offender's offense level is calculated according to the offense statutory maximum;  bank robbery's maximum sentence being 20 years pursuant to 18 U.S.C. § 2113 places Defendant's offense level at 32).  Mohammed was given a 3 level reduction to his offense level, because of his acceptance of responsibility.  See PSR, ¶ 40 at 8.  Pursuant to U.S.S.G. § 4B1.1(b), Mr. Mohammed's criminal history category was assessed to be at a Category VI.  See PSR, ¶ 88, at 19.  The sentence range under the Guidelines was 151-188 months.  See PSR ¶ 88, at 19.

On February 17, 2004, the Court sentenced Mohammed to 188 months of imprisonment.  See Sentencing Proceedings Before Judge Browning at 1, filed February 17, 2014 (Cr. Doc. 188)("Sentencing").  The Court assessed restitution in the amount of $1,619.13 and a $100.00 special penalty assessment.  See Sentencing at 2.  The Court also adopted the PSR, wherein the USPO concluded that Mohammed was a Career Offender.  See Sentencing at 1. On the date of sentencing, Mohammed's counsel filed a motion to withdraw as counsel.  See Motion to

---

[1]Although Mohammed was sentenced for the two predicate crimes on the same date, the two crimes were committed separately, with the date of arrest for aggravated battery occurring on November 16, 1991, and the date of arrest for robbery occurring on March 7, 1992. See PSR, ¶¶ 50-51, at 11-12.

Withdraw at 1, filed February 17, 2014 (Cr. Doc. 176)("Withdrawal Mot."). On February 23, 2004, the Court appointed new appellate counsel, who filed a Notice of Appeal on February 24, 2004. See CJA Appointment of and Authority to Pay Court Appointed Counsel at 1, filed February 23, 2014 (Cr. Doc. 196); Notice of Appeal at 1, filed February 24, 2017 (Cr. Doc. 177).

Mohammed appealed his characterization as a Career Offender and argued that his two prior convictions should have counted as only one. See United States v. Mohammed, 150 F. App'x 887, 888 (10th Cir. 2005). He also appealed the district court's mandatory application of the Sentencing Guidelines and argued it was contrary to United States v. Booker, 543 U.S. 220 (2005). See United States v. Mohammed, 150 F. App'x at 888. The United States Court of Appeals for the Tenth Circuit affirmed Mohammed's conviction and sentence, and held that his two prior convictions were separate and thus qualified him as a Career Offender. 150 F. App'x at 890-93. The Tenth Circuit also held that because the district court imposed the high end of the sentencing guidelines even though it could have sentenced Mohammed anywhere within the range, Mohammed had failed to meet his burden of showing that the district would have imposed a lesser sentence under an advisory, as opposed to mandatory, sentencing scheme. 150 F. App'x at 890-93 (citing United States v. Ambort, 405 F.3d 1109, 1121 (10th Cir.2005)). The Supreme Court denied certiorari on February 21, 2006. See Mohammed v. United States, 546 U.S. 1206 (2006).

On March 12, 2007, Mr. Mohammed filed his first motion pursuant to 28 U.S.C. § 2255 pro se. See Mohammed v. United States, Civ. No. 07-0240 JB/RHS, (D.N.M.)(ECF Doc. 1)("First § 2255 Mot"). Mr. Mohammed argued that he was denied effective assistance of counsel during sentencing, because his trial counsel failed to object to the length of his sentence imposed pursuant to 18 U.S.C. §§ 3553 and 3581, see First § 2255 Mot. at 2-6, and that his

appellate counsel similarly failed to raise these issues on appeal. First § 2255 Mot. at 7. On January 22, 2010, the Honorable Judge Robert Hayes Scott, Magistrate Judge, issued Proposed Findings and Recommended Disposition (Doc. 18)("PFRD") and concluded that Mohammed's motion was untimely pursuant to 28 U.S.C. § 2255(f) and that he was not entitled to equitable tolling. On February 28, 2010, the Court adopted Judge Scott's PFRD and issued an Order of Dismissal. See Doc. 22.

On January 11, 2016, Mohammed sought and was granted authorization from the Tenth Circuit to file a second or successive 28 U.S.C. § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). See Motion for Authorization to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 by a Prisoner in Federal Custody, Appeal No. 16-2009 (filed Jan. 11, 2016)(Doc. 10334984)("Second § 2255 Mot."); *In Re Mohammed*, Appeal No. 16-2009 (filed May 6, 2016)(Doc. 01019616107) (Briscoe, Gorsuch, and Bacharach, J.J., deciding). In his Second § 2255 Mot., Mohammed argues that the Court "improperly employed an invalid conviction of aggravated battery [to support his status as a Career Offender], which falls under the residual clause, as being vague and ambiguous." Second § 2255 Mot., (citing United States v. Evans, 576 F.3d 766, 767 (7th Cir. 2009)).[2] The United States responds that Johnson v. United States's invalidation of the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"), applies retroactively only to claims based on the ACCA and not on the Career Offender Guideline under the United States Sentencing Guidelines, and that any rule extending Johnson v. United States retroactively to the Guidelines would not meet the standards the Supreme Court outlined in

---

[2]Mr. Mohammed also seeks to raise the issue that the sentencing court should not have separated his two prior convictions; however, this issue was raised and dismissed on appeal and was not listed by the Tenth Circuit as a proper issue to be raised as a second or successive motion under 28 U.S.C. § 2255. In Re Mohammed, Appeal No. 16-2009, Doc. 01019616107.

Teague v. Lane, 489 U.S. 288 (1989), for retroactivity. See Response to Petitioner Mohammed's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence at 3-12, filed July 22, 2016 (Doc. 7)("Response"). The United States also argues that even if Johnson v. United States were to extend retroactively to this case, Mohammed's prior conviction of New Mexico aggravated battery qualifies as a crime of violence under the elements clause of the definition of "crime of violence" in the Sentencing Guidelines. See Response at 13-18. In supplemental briefing, Mohammed adds the argument that his other qualifying prior conviction of robbery is also not a "crime of violence" under either the enumerated clause or elements clause under U.S.S.G. § 4B1.2. Response at 2-6. The United States has not responded to his supplemental brief.

On March 6, 2017, the Supreme Court issued its ruling in Beckles v. United States, __ U.S. __, 137 S. Ct. 886 (2017), and held that Johnson v. United States does not apply to the advisory sentencing guidelines. Accordingly, the Court issued an order directing the parties to file a joint statement in light of Beckles v. United States. See Order Directing the Parties to Confer and File a Joint Statement in Light of Beckles, filed on March 13, 2017 (Doc. 21)("Beckles Order"). The parties also filed their Joint Statement. See Joint Statement, filed May 8, 2017 (Doc. 25). The parties also filed separate supplemental briefing. See Supplemental Briefing on Impact of Beckles on Motion to Vacate, Set Aside or Correct Sentence Under § 2255, filed May 8, 2017 (Doc. 24)("Beckles Supp. Briefing"); Response to Government's Supplemental Briefing on Impact of Beckles on Motion to Vacate, Set Aside, Or Correct Sentence under § 2255, filed June 7, 2017 (Doc. 28)("Beckles Supp. Resp."). Mohammed contends that Beckles v. United States, does not extend to sentences imposed before the Supreme Court's decision in United States v. Booker, which changed the sentencing guidelines from being

mandatory to advisory. See Joint Statement at 2. Mohammed argues that, unlike the advisory guidelines discussed at length in Beckles v. United States, Mohammed argues that Johnson v. United States applies to the mandatory guidelines sentences that have the "force and effects of law." Beckles Supp. Resp. at 5. The United States contends that Beckles v. United States wholly resolves Mohammed's case in holding that Johnson v. United States does not apply to the Sentencing Guidelines. See Beckles Supp. Briefing at 1. It also argues that, post-Beckles v. United States, Mohammed's motion is time-barred, because the Supreme Court has not recognized under Beckles v. United States the "right not to have a guidelines range within an otherwise-fixed statutory limits calculated under an allegedly vague provision." Beckles Supp. Briefing at 7.

## **ANALYSIS**

The Court concludes that Johnson v. United States does not apply to the sentencing guidelines. Even if it did apply, however, and Mohammed's Motion was timely, Mohammed's sentence enhancement remains valid because both aggravated battery and robbery are crimes of violence. His aggravated battery conviction pursuant to NMSA 1978, § 30-3-5(C) is a "violent felony" and robbery is a crime of violence under U.S.S.G. § 4B1.1. Accordingly, the Court denies Mohammed's Motion.

### **I. JOHNSON V. UNITED STATES DOES NOT APPLY TO THE SENTENCING GUIDELINES.**

In Johnson v. United States, the Supreme Court considered whether the ACCA's residual clause violates the Due Process Clause of the Constitution of the United States of America. See 135 S. Ct. at 2557. The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –

(i) has as an element the use, attempted use, or threatened use of physical force against the person or another, or

(ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§924(e)(2)(B). The Court explained that § 924(e)(2)(B)(ii)'s residual clause, which is the emphasized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson v. United States, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Supreme Court expressly stated that its holding does not call into question the ACCA's application to the four enumerated offenses or to the remainder of the definition of a violent felony in §924(e)(2)(B). 135 S. Ct. at 2563.

Another sentencing enhancement is the Career Offender Guideline in the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. Under the Career Offender Guideline, a defendant's sentence is enhanced if the defendant is eighteen years old when he committed the instant felony offense that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony offenses that are either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1. The definition of a crime of violence under Section 4B1.1 parallels the definition that the ACCA outlines. See U.S.S.G. § 4B1.2(a).[3]

---

[3]A violent felony is defined as an offense punishable by imprisonment for a term exceeding one year that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

Beckles v. United States, 137 S. Ct. 886 (2017), abrogated a number of Courts of Appeals cases that ruled that the holding in Johnson v. United States also applies to the Career Offender Guideline in the advisory United States Sentencing Guidelines. 137 S. Ct. at 894. Justice Thomas, writing for the majority in Beckles v. United States, determined in part that, unlike the ACCA, because the Sentencing Guidelines "merely guide the district courts' discretion, [they] are not amenable to a vagueness challenge." 137 S. Ct. at 894. Beckles v. United States, however, is silent regarding its application to sentences imposed before the Supreme Court's ruling in United States v. Booker, that changed the Sentencing Guidelines from being mandatory to advisory.

The Court does not read Beckles v. United States any broader than its holding that Johnson v. United States does not apply to the advisory Sentencing Guidelines post-United States v. Booker. Indeed, the Supreme Court left "open the question whether defendants sentenced to terms of imprisonment before our decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005) -- that is, during the period in which the Guidelines *did* fix the permissible range of sentences . . . may mount vagueness attacks on their sentences." Beckles v. United States, 137 S. Ct. at 903, n.4 (Sotomayor, J., concurring)(internal markings and citation omitted)(emphasis in original).

Although the Tenth Circuit has not yet answered this question, several district court cases have addressed the issue and determined that courts will not read a right into a Supreme Court decision that does not explicitly address that right, and therefore Johnson v. United States

---

   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. §4B1.2(a) (November 1, 2003)(emphasis added).

motions based on pre-United States v. Booker mandatory guidelines are untimely under 28 U.S.C. § 2255(f)(3).[4] See United States v. Torres, Civ. No. 16-645 LH/WPL, 2017 WL 3052974, *3 (D.N.M. June 20, 2017)(Proposed Findings and Recommended Disposition)(Lynch, M.J.)("Simply put, if a concurring opinion says the existence of a right remains an open question, and the majority opinion does not explicitly address the right, then the Supreme Court did not previously announce the existence of the same right."); Zamora v. United States, Civ. No. 16-695 JCH/GBW, 2017 WL 3054645, at *5, (D.N.M. June 29, 2017) (Proposed Findings and Recommended Disposition) (Wormuth, Magistrate); United States v. Ward, No. 01-CR-40050-01-DDC, 2017 WL 3334644, at *3 (D. Kan. Aug. 4, 2017); United States v. Brigman, Civ. No. 16-2396 JWL, 2017 WL 3267674, at *2-3 (D. Kan. Aug. 1, 2017); Miller v. United States, Civ. No. 2:16-589 DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017); Ellis v. United States, Civ. No. 2:16-484 DAK, 2017 WL 2345562, at *3 (D. Utah May 30, 2017). Cf. United States v. Rhodes, Civ. No. 16-799-R, Cr. No. 01-202-R, 2017 WL 1393743, at *3 (W.D. Okla. Apr. 18, 2017)(Russel, J.)(finding Beckles v. United States inapplicable, because defendant's sentence was entered before United States v. Booker, but ruling that the motion itself was untimely because it was brought pursuant to Mathis v. United States, -- U.S. --, 136 S. Ct. 2243, (2016),

---

[4] A one-year period of limitation applies to any motion brought pursuant to 28 U.S.C. § 2255, which, for purposes of motions brought based on Johnson v. United States, run from "the day on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It should be noted that Mohammed brought his Motion as a second or successive motion pursuant to 28 U.S.C. § 2255(h)(2), which provides that a second or successive motion must be certified by a panel of the appropriate court of appeals containing "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously made unavailable." The Court notes that the Supreme Court had not decided Beckles v. United States when the Tenth Circuit issued its Order authorizing Mohammed's second or successive motion, and Mohammed cannot be given additional time that is now unavailable to other defendants on their first collateral motion based on the district court cases cited herein.

which did not present a new rule of law).  But see Sarracino v. United States, Cr. No. 95-210 MCA, Civ. No. 16-0734 MCA/CG, 2017 WL 3098262, at *3, (D.N.M. June 26, 2017)(Garza, M.J.)(Proposed Findings and Recommended Disposition)(concluding that "*Johnson* applies to the mandatory Guidelines," because Beckles v. United States "rests almost exclusively on the premises that the advisory Guidelines do not bind the district court's discretion and do not have the force and effect of law," and "*Booker* makes clear that the mandatory Guidelines severely limited judges' discretion and had the force and effect of laws that fix the permissible range of sentences.")(internal citations omitted); United States v. Holz, Civ. No. 16-613-C, Cr. No. 01-211-C, 2017 WL 1373922, at *1 (W.D. Okla. Apr. 13, 2017)(Cauthron, J.)(refusing to rule on the applicability of Beckles v. United States because the defendant's motion failed on its merits).

The Court finds these cases articulated sound reasoning in concluding that a motion brought based on Johnson v. United States for a pre-United States v. Booker sentence is untimely.  In light of the growing number of district court cases that have held that *Johnson* does not apply to pre-United States v. Booker cases and the silence from the Supreme Court in Beckles v. United States regarding its application to mandatory sentences, the Supreme Court has not established a newly recognized right in Beckles v. United States for purposes of bringing a collateral claim pursuant to 28 U.S.C. § 2255(f)(3).[5]  In other words, Mohammed's Motion requesting relief under Johnson v. United States does not apply to his pre-United States v. Booker mandatory sentencing enhancement under the Career Offender Guideline.  For these reasons, the Court will dismiss the case as untimely.

---

[5]For purposes of applying the proper limitation period, Section (f)(3) is referenced herein. However, untimeliness applies to Mr. Mohammed's Motion brought under Section (h)(2) as explained in Note 4, *supra*.

## II. EVEN IF MOHAMMED'S MOTION WERE TIMELY, HIS ARGUMENTS DO NOT HAVE A SOUND BASIS IN THE APPLICABLE LAW, BECAUSE BOTH AGGRAVATED BATTERY PURSUANT TO NMSA 1978, § 30-3-5(C) AND <u>ROBBERY ARE CRIMES OF VIOLENCE</u>.

Even assuming that the Supreme Court's holding in <u>Johnson v. United States</u> extends to the Career Offender Guideline's residual clause, Mohammed's sentence enhancement remains valid, because both aggravated battery and robbery are crimes of violence under either the Guidelines' "elements" or "enumerated" clauses, and the Court does not have to rely on the invalidated residual clause. <u>Johnson v. United States</u>, 135 S. Ct. at 2563. Thus, the Court's use of aggravated battery as a predicate felony was proper, because aggravated battery is a crime of violence under the "elements" clause. The Court's use of robbery as a predicate felony was also proper, because robbery -- being an expressly listed offense in the Commentary of the Guideline -- is a crime of violence under the "enumerated clause." Because both predicate felonies qualify as crimes of violence, the Court's determination that Mohammed qualifies as a Career Offender was proper.

### A. AGGRAVATED BATTERY IS A CRIME OF VIOLENCE UNDER THE CAREER OFFENDER PROVISION OF THE UNITED STATES SENTENCING GUIDELINES.

In determining whether a defendant was convicted under the constitutionally permissible elements clause or under the residual clause, courts must generally apply the "categorical approach," considering only the offense's statutory elements and not the actual facts underlying the movant's prior conviction. <u>United States v. Smith</u>, 652 F.3d 1244, 1246 (10th Cir. 2011); <u>United States v. Duncan</u>, 833 F.3d 751, 754 (7th Cir. 2016); <u>United States v. Gardner</u>, 823 F.3d 793, 802 (4th Cir. 2016). When, however, a statute includes alternative elements that create distinct versions of a crime, courts may employ the "modified categorical approach." <u>Mathis v. United States</u>, -- U.S. --, 136 S. Ct. 2243, 2249 (2016)("[T]his Court approved the 'modified

categorical approach' for use with statutes having multiple alternative elements."). See United States v. Hood, 774 F.3d 638, 645 (10th Cir. 2014); United States v. Gardner, 823 F.3d at 802. When using the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a Movant was convicted of." Mathis v. United States, 136 S. Ct. at 2449; United States v. Hood, 774 F.3d at 645.

New Mexico's aggravated battery statute provides:

A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

NMSA 1978, § 30-3-5 (1969). Each subsection creates a distinct version of the crime of aggravated battery, with subsection (A) defining aggravated battery, subsection (B) defining misdemeanor aggravated battery, and subsection (B) defining aggravated battery constituting a third degree felony. It is therefore proper to use the modified categorical approach in analyzing whether the relevant subsection of aggravated battery qualifies as a violent felony. See Mathis v. United States, 136 S. Ct. 2249 (2016).

The criminal docket reveals that Mohammed pled guilty to aggravated battery pursuant to subsection (C). *See* D-202-CR-1991-02126, Criminal Docket, November 9, 1992, (Entry of No Contest/Guilty Plea as to Count 1: Aggravated Battery pursuant to NMSA 1978, § 30-3-5(C)). As demonstrated below, aggravated battery as described in Section 30-3-5(C), by either a deadly

weapon or inflicting great bodily harm, has "as an element the use, attempted use, or threatened use of physical force against the person of another."

The Tenth Circuit has concluded that

> [t]hreatening or engaging in menacing conduct toward a victim, with a weapon capable of producing death or great bodily harm, threatens the use of "*violent* force" because by committing such an act, the aggressor communicates to his victim that he will potentially use "*violent* force" against the victim in the near-future.

United States v. Ramon Silva, 608 F.3d 663, 670 (10th Cir. 2010)(quoting Johnson v. United States, 559 U.S. at 134)(emphasis in original)(holding that aggravated assault[6] with a deadly weapon is a violent felony for purposes of an analogous sentencing guideline). See United States v. Maldonado-Palma, 839 F.3d 1244, 1250 (10th Cir. 2016), cert. denied, 137 S. Ct. 1214 (2017); United States v. Treto-Martinez, 421 F.3d 1156, 1159-60 (10th Cir. 2005). Thus, aggravated battery with a deadly weapon is categorically a crime of violence.

The Supreme Court defined "physical force" for purposes of analyzing a "violent felony" under the ACCA as "force -- that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. at 140. In short, "[t]he use of physical force means a mechanical force." United States v. Miera, No. CR 12-3111 JB, 2013 WL 6504297, at *7 (D.N.M. Nov. 22, 2013)(Browning, J.). Under New Mexico's jury instructions, to prove aggravated battery with great bodily harm, the State must show: "1. The defendant touched or applied force to [the victim]; 2. The defendant intended to injure [the victim or another]; [and] 3. The defendant [caused great bodily harm to [the victim], [or acted in a way that would likely result in death or great bodily harm to (the victim)]." NMRA 1978, UJI 14-323. New Mexico defines "Great bodily harm" as: "an injury to the person which creates a high probability of

---

[6]Aggravated assault is also an enumerated offense listed in the commentary of U.S.S.G. § 4B1.2 as a crime of violence. See Note 5, *infra*.

death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body." NMSA 1978, § 30-1-12(A) (1963). By definition, then, employing a level of force that creates a high probability of death or disfigurement is sufficient to satisfy "force capable of causing physical pain or injury to another." Johnson v. United States, 559 U.S. at 140.

Mohammed's prior conviction for aggravated battery pursuant to NMSA 1978, § 30-3-5(C) is therefore a "violent felony" under U.S.S.G. § 4B1.2(a)(1)'s "elements clause," and the use of his conviction of aggravated battery was proper for purposes of labeling him a "Career Offender" and enhancing his sentence.

### B. NEW MEXICO ROBBERY IS A "VIOLENT FELONY" UNDER U.S.S.G. § 4B1.2(a).

There is a simpler resolution to the application of robbery as a predicate offense to Mohammed's status as a Career Offender: because the accompanying commentary to U.S.S.G. § 4B1.2 lists "robbery" as a "crime of violence,"[7] Mr. Mohammed cannot mount a vagueness

---

[7]The language from the referenced commentary is:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crime of violence" if (A) that offense has as an element, the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e., expressly charged*) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device), *or by its nature presented a serious potential risk of physical injury to another.*

U.S.S.G. §4B1.2, Commentary Application Note n. 1 (November 1, 2003)(emphases added). Mohammed argues that the commentary should be disregarded, because the list of additional crimes in the commentary note "could only be interpreting the residual clause in U.S.S.G. § 4B1.2(a)(2)." Supplemental Brief under 28 U.S.C. § to Vacate, Set Aside, or Correct Sentence at 3 (citing United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015). United States v. Madrid was one of the Court of Appeals cases whose holding that Johnson v. United States

- 15 -

challenge based on this predicate offense. United States v. Miller, -- F.3d --, 2017 WL 3658833, *4 (10th Cir., Aug. 25, 2017)(reasoning that the court need not weigh in on whether *Johnson* applies to the mandatory guidelines after Beckles v. United States, because the defendant could not mount a vagueness challenge when the predicate offense, robbery, is enumerated in the commentary). The commentary to the sentencing guidelines "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993). Under the Tenth Circuit's analysis, then, because robbery is listed as an enumerated crime of violence in the accompanying commentary, it constitutes a crime of violence. See United States v. Miller, 2017 WL 3658833 (noting that, in *Beckles*, Justices Ginsberg and Sotomayor would have rejected the case simply because the official commentary clearly proscribed the defendant's conduct, and therefore no vagueness challenge could have applied to the defendant's conduct or the conduct of others) (citing Beckles v. United States, 137 S. Ct. at 897-898). See also United States v. Mobley, 687 F.3d 625, 629 (4th Cir. 2012)(stating that "[t]he crimes specified in Application Note 1 of the Commentary to § 4B1.2 serve as additional enumerated offenses"); United States v. Hinton, 2016 WL 632447, at *2 (E.D.N.C. 2016)(Flanagan, J.)(stating that § 4B1.2, n.1 "suggest[s that] offenses enumerated in Application Note 1 may be considered crimes of violence under either § 4B1.2(a)(1) or (2)").

Furthermore, the Tenth Circuit has already concluded that New Mexico's robbery statute constitutes a crime of violence under the elements clause of §4B1.2(a)(1). See United States v.

---

applied to the Sentencing Guidelines that Beckles v. United States, 137 S. Ct. 886, abrogated. Moreover, from the commentary's plain language, it is clear that the language listing specific crimes is separated from the language tracking the invalidated residual clause. It can be inferred that the listed crimes are not interpreting the residual clause, but elaborating on additional enumerated crimes under the enumerated clause. The commentary listing specific crimes was not invalidated under United States v. Madrid, as Mohammed claims.

Lujan, 9 F.3d 890, 892 (10th Cir. 1993)("The New Mexico robbery statute also contains the required element of force. . . ."). [8] New Mexico's definition of robbery "consists of the theft of anything of value from the <u>person of another or from the immediate control of another, by use or threatened use of force or violence</u>." N.M. Stat. Ann. §30-16-2 (emphases added). Thus, even if <u>Johnson v. United States</u> applies to the Sentencing Guidelines, New Mexico's robbery statute qualifies as a "crime of violence" under the accompanying commentary in U.S.S.G. § 4B1.2 <u>and</u> the elements clause, because it expressly contains as an element "the use, attempted use, or threatened use of physical force against the person of another." Cf. <u>United States v. Kornegay</u>, 2016 WL 877950, at *4 (concluding that New York's robbery definition constitutes a "crime of violence" under § 4B1.2(a)(1), because it "prohibits '*forcibly* steal[ing] property" (emphasis and alterations in original)). See <u>United States v. Harris</u>, 844 F.3d 1260, 1270 (10th Cir. 2017) (concluding that "robbery in Colorado has as an element the use or threatened use of physical force against another person").

---

[8]Several district courts from the Tenth Circuit have also held that robbery is a crime of violence for purposes of either the ACCA or the Sentencing Guidelines. See <u>United States v. Garcia</u>, Civ. 16-0240 JB/LAM, 2017 WL 2271421 (D.N.M. Jan. 31, 2017)(Browning, J.) (holding that New Mexico robbery is a "crime of violence" under the ACCA); <u>United States v. Barela</u>, Civ. No. 16-00588 WJ-KRS, 2017 WL 3142516, at *4 (D.N.M. July 25, 2017) (Johnson, J.)(concluding that "a review of New Mexico case law elucidates that simple robbery requires a level of force commensurate with the force clause found in § 924(e)(2)(B)(i)" (<u>State v. Bernal</u>, 2006-NMSC-050; 140 N.M. 644, 146 P.3d 289; <u>State v. Clokey</u>, 1976-NMSC-035, 89 N.M. 453, 553 P.2d 1260, <u>State v. Lewis</u>, 1993-NMCA-165, 116 N.M. 849, 867 P.2d 1231, and <u>State v. Sanchez</u>, 1967-NMCA-009, 78 N.M. 284, 430 P.2d 781)). The court in <u>United States v. Barela</u> also that "[t]his particular issue is shrouded in controversy as there is no concurrence amongst our District Court judges and the Tenth Circuit has yet to consider New Mexico's robbery statute post-<u>Johnson[ v. United States</u>]." 2017 WL 3142516, at *2 (citing <u>United States v. King</u>, Civ. No. 16-501 MV/KK, 2017 WL 1506766 (D.N.M. Mar. 31, 2017); <u>United States v. Garcia</u>, Civ. No. 16-0240 JB/LAM, 2017 WL 2271421 (D.N.M. Jan. 31, 2017)). But see <u>United States v. Nicholas</u>, No. 16-3043, 2017 WL 1429788, at *5 (10th Cir. Apr. 24, 2017)(holding that because the Kansas statute for robbery does not contain an element of violence, it does not qualify as a crime of violence under the ACCA).

New Mexico robbery is a crime of violence for purposes of enhancing Mohammed's sentence under U.S.S.G. § 4B1.1. The Court therefore denies Mohammed's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, because both robbery and aggravated battery are "crimes of violence" under the Sentencing Guidelines.

**IT IS ORDERED** that the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 9, 2016 (Doc. 1), and the request in the Supplemental Brief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed November 29, 2016, are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Presiliano Torrez
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorney for the Plaintiff*


Diego E. Esquibel
The Barnett Law Firm
Albuquerque, New Mexico

   *Attorney for the Defendant*